IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL WINSTON, )
        Plaintiff, ) 1:09-cv-226-SJM
)
v. )
)
BRADFORD WINDOW CO., )
        Defendant. )

## MEMORANDUM ORDER

Michael Winston is a *pro se* plaintiff and resident of McKean County, Pennsylvania, prosecuting this and numerous other civil actions before this Court. In this complaint, he has sued Bradford Window Company, a business entity located in McKean County. Presently pending before the Court is the Defendant's motion to dismiss this case for lack of federal subject matter jurisdiction. For the reasons set forth below, that motion will be granted.

## I. BACKGROUND

In his complaint, Plaintiff alleges that Todd Hennerd, the owner of Defendant Bradford Window Co., refused to pay the Plaintiff for work performed at the Pennsylvania Housing Authority Building in Bradford, Pennsylvania. Plaintiff claims that he sought to enforce payment through the local District Magistrate's office. Despite being ordered by the Magistrate Judge to send payment to the Magistrate's office, the Defendant refused to comply. At some point, Plaintiff received partial pay for the work.

According to the complaint, Plaintiff went to a local bar after work on the evening of December 20, 2007, where he was accosted and assaulted by "the Defendant and two of his helpers." Judging from the complaint, Plaintiff seems to be complaining that he was beaten by Hennerd and two of his employees, named "Tim" and "Tom." Plaintiff alleges that he somehow escaped from the bar and called 911. As Plaintiff was on the

phone, he was again attacked by the same three individuals and beaten. As police officers arrived on the scene, Hennerd and "Tom" departed as "Tim" continued to beat the Plaintiff and chase him into oncoming, "bumper to bumper" traffic. According to the complaint, "the police came and they came around calling his name (the Defendant knew him)."

Based on these allegations, Plaintiff demands "damages and punishment" in the amount of $1 million. Defendant has filed a motion to dismiss the complaint for lack of federal subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II. STANDARD OF REVIEW

Here, the Defendant is asserting a facial challenge to the court's subject matter jurisdiction. A facial attack on subject matter jurisdiction contests "the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." *Turicentro, S.A. v. American Airlines Inc.*, 303 F.3d 293, 300 n. 4 (3d Cir.2002) (citation omitted). Consequently, for present purposes, we need only determine "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" *Common Cause of Pennsylvania v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir.2009) (*quoting Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir.2006)). Dismissal for lack of jurisdiction is appropriate where the right claimed is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1280-81 (3d Cir.1993) (*quoting Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 899 (3d Cir.1987)). *See also Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974).

Because Plaintiff is proceeding *pro se*, his complaint must be "'liberally construed'" and "'held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Brown v. City of Long Branch*, No. 09-3632, 2010 WL 1980997 at *2 (3d

Cir. May 19, 2010) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Nevertheless, "[t]o survive a motion to dismiss, a complaint – even a pro se complaint –'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Thakar v. Tan*, No. 09-2084, 2010 WL 1141397 at *2 (3d Cir. March 25, 2010) (*quoting Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (*quoting Iqbal*, 129 S. Ct. at 1949).  *See also Brown*, *supra*, at *2 ("The factual allegations in the complaint must be sufficient to '"raise a right to relief above the speculative level."'") (*quoting Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction; accordingly, every case begins with the presumption that the court lacks jurisdiction to hear it.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  In a Rule 12(b)(1) motion, the party invoking jurisdiction has the burden of demonstrating that subject matter jurisdiction exists.  *See Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977).

In this case, Plaintiff has asserted federal question subject matter jurisdiction pursuant to 28 U.S.C. 1331, which gives the district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff contends that such jurisdiction exists "[pursuant] to state and federal labor laws," "battery and negligence tort law," the "Victims of Violent Crimes Act" (cited as 18 U.S.C. § 16), "Equal Pay Law and Collection Law," "Moral Turpitude (conduct so wicked as to be shocking to the community)," and "conspiracy with the Bradford City Police[,] the District Majestrate [sic] (Cercone) and the District Attorneys Office (John Pavloc) to avoid prosecution" (citing 18 U.S.C. §§ 241 and 245).  (Complaint [2] at p. 1 of 4.)

Taking Plaintiff's allegations as true, it is clear that Plaintiff's claims based on common law tort principles of battery and negligence provide no basis for federal jurisdiction in this case, as these are not federal common law principles. Furthermore, because the conduct here involves private parties whose citizenship is not diverse, there can be no jurisdiction under 28 U.S.C. § 1332. In similar fashion, Plaintiff's invocation of "moral turpitude" principles fails even to state a viable cause of action, much less a basis upon which this Court might exercise federal subject matter jurisdiction.

Although Plaintiff purports to invoke the federal labor laws[1] as well as "Equal Pay Law and Collection Law," his complaint utterly fails to comply with the demands of Fed. R. Civ. P. 8(a), which requires the plaintiff to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, the complaint fails even to identify the actual statutes upon which Plaintiff purports to rely, let alone a particular provision giving Plaintiff a substantive right to relief on the basis of the facts alleged. On the contrary, Plaintiff has alleged no facts that could plausibly state a claim under these sources of law. This is contrary to the demands of *Bell Atlantic Crop. v. Twombly*, 550 U.S. 544 (2007), which require that a complaint contain sufficient factual matter, accepted as true, to "state a claim that is plausible on its face." 550 U.S. at 570. *See also Thakar, supra*, at **2 ("While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, *see Erickson*, 551 U.S. at 94, 127 S. Ct. 2197, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se."). Here, Plaintiff's allegations, construed liberally, fail to state a claim for relief under any federal labor, "equal pay" or "collection" law.

---

[1] Plaintiff's generic reference to "state labor laws" is facially insufficient to establish this Court's subject matter jurisdiction, as federal agencies lack authority to enforce the state labor laws.

Plaintiff also cites as a jurisdictional basis the "Victims of Violent Crimes Act," which he appears to identify as 18 U.S.C. § 16. Plaintiff further cites to §§ 241 and 245 of Title 18 as bases to establish federal subject matter jurisdiction. However, § 16 does nothing more than define statutorily what the term "crime of violence" means. It does not itself prohibit any particular conduct nor does it create any private right of enforcement.

Section 241 makes it a crime for "two or more persons" to "conspire to injure, oppress, threaten, or intimidate any person ... in the free exercise or enjoyment of any [federally secured] right or privilege." 18 U.S.C. § 241. However, it is well established that private citizens lack any private right of enforcement relative to that statute. *See Stern v. Halligan*, 158 F.3d 729, 731 n.1 (3d Cir. 1998) (there is no private cause of action under § 241) (*citing Newcomb v. Ingle*, 827 F.2d 675, 677 n. 1 (10th Cir.1987)).

Section 245 authorizes federal prosecution for interference with a long list of federally protected activities, *see* 18 U.S.C. § 245; however, like § 241, it confers neither substantive rights nor a private right of action. *See Walthour v. Herron*, No. Civ. A. 10-01495, 2010 WL 1877704 at *3 (E.D. Pa. May 6, 2010); *People ex rel. Snead v. Kirkland*, 462 F. Supp. 914, 920 (E.D. Pa. 1978).

Plaintiff may be attempting to state a claim pursuant to 42 U.S.C. § 1983, which provides a private right of action to

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...

However, to state a viable § 1983 claim, a plaintiff must establish (1) that the alleged wrongful conduct was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir.2000). Both elements must be present to sustain a § 1983 action. Here, however, the alleged wrongdoers are private citizens, not "persons acting under color of state

law."

Perhaps in an attempt to meet the "state action" requirement of § 1983, Plaintiff asserts, in conclusory fashion, that the Defendant conspired with the Bradford City Police, the District Magistrate, and the District Attorney's office so as to avoid prosecution. *See Scheetz v. The Morning Call, Inc.*, 946 F.2d 202, 205 n. 3 (plaintiff must establish a conspiracy between private citizens and a state actor in order to establish § 1983 liability on the part of private actors). This is not enough to establish federal subject matter jurisdiction.

First, Plaintiff's mere invocation of the term "conspiracy" is insufficient to satisfy the pleading standards under *Twombly*. Our circuit court of appeals has stated that a conspiracy claim "must include at least a discernible factual basis" to survive dismissal, *Thakar, supra*, at *2 (quoting *Capogrosso v. Supreme Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir.2009) (per curiam)) and, therefore, "allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Id.* (*quoting Capogrosso*, 588 F.3d at 184). Plaintiff's mere assertion that a "conspiracy" existed, without more, is clearly insufficient to state a federal claim against the Defendant. *See Brookhart v. Rohr*, 2010 WL 2600694 at *2 (3d Cir. June 30, 2010) (district court properly concluded that plaintiff's vague allegations of a conspiracy to defraud him of his property did not satisfy plausibility standard").

Second, Plaintiff cannot establish the violation of any federal right stemming from law enforcement's failure to arrest or prosecute the individuals who allegedly assaulted him. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979) (discussing prosecutorial discretion); *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, No. No. 09-31000, 2010 WL 774185 at *2 (5th Cir. Mar. 8, 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel

criminal prosecution.") (citations omitted); *Sanders v. Downs*, Civil Action No. 3:08-CV-1560, 2010 WL 817475 at *5 (M.D. Pa. Mar. 9, 2010) (dismissing plaintiff's claim that police defendants failed to adequately investigate thefts at his home, since "[t]here is no statutory or common law right, much less a constitutional right, to [such] an investigation") (quoting *Fuchs v. Mercer County*, 260 Fed. Appx. 472, 475 (3d Cir. 2008) (alterations in the original); *Nedab v. Lencer*, Civil Action No. 06-54 Erie, 2007 WL 853595 at *3 (W.D. Pa. Mar. 20, 2007) (plaintiff lacked standing to assert constitutional violation premised on state police officer's alleged failure to investigate and file criminal charges related to assault against plaintiff).

Nor is this a case where further amendment can cure the jurisdictional defect. This Court has reviewed the Plaintiff's response to the pending motion to dismiss as well as various other filings he has offered in this case. Those filings set forth no additional facts which would support the conspiracy claim or any other basis for exercising federal subject matter jurisdiction in this case. Although Plaintiff claims in his response that "evidence of aiding, abetting, conspiracy, fraud, perjury, ... are a matter of record threw [sic] numerouse [sic] cases filed by this victim," (*see* Pl.'s Response [21] at p. 1), it is not this Court's job to mine the records in other cases to find factual support for Plaintiff's conspiracy claim. Accordingly, further amendment is not warranted.

### IV. CONCLUSION

Based upon the foregoing, this Court concludes that it lacks subject matter jurisdiction over the instant civil action and the case should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Accordingly, the following order is entered:

AND NOW, *to wit*, this 10th day of September, 2010, based upon the foregoing reasons,

IT IS ORDERED that the Motion of Defendant Bradford Co. to Dismiss Complaint [19] be, and hereby is, GRANTED and the within complaint is hereby DISMISSED for lack of federal subject matter jurisdiction.

                                                            s/     Sean J. McLaughlin
                                                                    SEAN J. McLAUGHLIN
                                                                    United States District Judge

cm:    All parties of record.